IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DE'ANDRE STARNES,                    )
                                     )
            Plaintiff,               )
                                     )
     v.                              )        1:19CV139
                                     )
CONDUENT, INC.,                      )
                                     )
                                     )
            Defendant.               )

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Presently before the court is Defendant Conduent, Inc.'s
Motion to Compel Arbitration and Dismiss or in the Alterative,
to Stay Proceedings Pending Arbitration. (Doc. 14.) Defendant
moves to dismiss Plaintiff Andre Starnes's pro se Amended
Complaint. Defendant moves this court to dismiss in light of its
binding arbitration agreement with Plaintiff. Defendant also
moves under Fed. R. Civ. P. 11 for attorneys' fees and costs.
This is Plaintiff's second pro se lawsuit against to Conduent,
Inc., in this court bringing almost identical claims. For the
reasons stated herein, the court finds Defendant's motion will
be granted in part and denied in part.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

In deciding a motion to compel arbitration, "courts apply a
standard similar to that applicable to a motion for summary

judgment." <u>Adams v. Citicorp Credit Servs., Inc.</u>, 93 F. Supp. 3d
441, 445 (M.D.N.C. 2015); <u>Minter v. Freeway Food, Inc.</u>, No.
1:03CV00882, 2004 WL 735047, at *2 (M.D.N.C. Apr. 2, 2004)
(quoting <u>Bensadoun v. Jobe-Riat</u>, 316 F.3d 171, 175 (2d Cir.
2003)). Accordingly, the court may consider materials outside
the complaint. <u>See</u> Fed. R. Civ. P. 56(c)(1)(A); <u>Adams</u>, 93 F.
Supp. 3d at 445-46 (considering materials outside the complaint
in a motion to compel arbitration).

A.   **Parties**

Plaintiff is a former employee of Conduent, Inc. (Amended
Complaint ("Am. Compl.") (Doc. 4) at 5.)[1] Plaintiff worked as an
information technology customer support employee. (<u>Id.</u>)
Defendant Conduent, Inc. ("Conduent") is the parent company of
Conduent Business Services, LLC, and Conduent Commercial
Solutions, LLC. (Def.'s Mem. in Supp. of Mot. to Compel
Arbitration and Dismiss ("Def.'s Br.") (Doc. 15) Ex. A,
Declaration of Kerri Odle ("Odle Decl.") (Doc. 15-1) ¶ 3.)
Conduent Business Services, LLC, was formerly known as Xerox
Business Services ("XBS"). (<u>Id.</u>) "In January 2017, Xerox
Corporation spun off XBS and its subsidiaries to a holding

---

[1] All citations in this Memorandum Opinion and Order to
documents filed with the court refer to the page numbers located
at the bottom right-hand corner of the documents as they appear
on CM/ECF.

-2-

company named Conduent, Inc." (Id.) Conduent is a successor to XBS. (Id.)

### B.  **Plaintiff's 2017 Suit**

Plaintiff filed a previous pro se complaint with this court on May 31, 2017. (1:17CV495 (Doc. 1).) That Complaint was against "Conduent Incorporated" and "Xerox Commercial Services, LLC" ("XCS"). (Id. at 1.) The previous complaint alleged violations of Plaintiff's rights under the Family Medical Leave Act ("FMLA"), Americans with Disabilities Act as Amended ("ADAAA"), and racial discrimination. (Id. at 2.) Plaintiff specifically alleged that he "was denied timely access to reasonable accommodations" by his employer, in violation of FMLA and the ADAAA. (Id. at 3.) Plaintiff further alleged that he had "spoken with a coworker [who] did not have these issues when she took time off for her medical issues[,]" (id.), giving rise to the claims of discrimination.

Defendants responded by moving to dismiss and compel arbitration. (1:17CV495 (Doc. 12).) In support of the motion, Defendants submitted the declaration of Shirley Pierce, who at the time was Vice-President of Human Resources for Conduent Business Services, LLC. (1:17CV495 (Doc. 12-2).) Pierce described Plaintiff's application for employment; the application by Plaintiff was made in 2015 "utilizing Defendants' electronic application and new hire onboarding process." (Id. at

-3-

3.) According to Pierce, applicants "electronically acknowledge" and agree to company policies, including the Dispute Resolution Plan and Rules ("DRP"). (Id. at 2-3.) The DRP at issue in Plaintiff's 2017 case is the same agreement at issue in his present suit. (Compare 1:17CV495 (Doc. 12-3), with Odle Decl. (Doc. 15-1) at 7-27.)

In Plaintiff's 2017 pro se lawsuit, this court granted the defendants' motion to compel arbitration. Starnes v. Conduent Inc., No. 1:17CV495, 2018 WL 3466951, at *9 (M.D.N.C. July 18, 2018). Specifically, this court found that:

> the arbitration agreement, as expressly stated in the employment documents and the DRP, constitutes a valid contract between the parties. As to . . . whether the agreement includes an arbitration provision that purportedly covers the dispute - the requirement is also satisfied. . . . Plaintiff's FMLA, ADAAA, and discrimination claims fall squarely within the plain language of the arbitration provision.

Id. at *8.

### C. **Plaintiff's Present Suit**

Plaintiff filed a second pro se Complaint with this court on January 31, 2019. (Doc. 2.) Plaintiff filed an Amended Complaint that alleges Defendant violated his rights under the FMLA, ADAA, and Title VII. (Am. Compl. (Doc. 4) at 2.) Specifically, Plaintiff alleges that Defendant:

> interfered, denied, retaliated, and discriminated against [him] for attempting to exercise [his] right to medical leave under the Family Medical Leave Act. [He] also believe[s] that [his] race, age, sex,

-4-

disability, and the fact that [he] made formal
complaint to HR, EEOC, and in federal court motivated
the negative actions also.

(Id. at 5.) Plaintiff also alleges that Defendant discriminated against him based on his age. (Id.)

Plaintiff alleges that, since he filed his 2017 suit, he was fired by Defendant; Plaintiff was terminated on April 8, 2018. (Id.) Plaintiff also claims that "[t]he employer has an arbitration agreement, the employer has stated is not binding and there are no contracts between myself and the employer. For previous and new reasons I ask that the court rule the agreement invalid." (Id.)

Counsel for Defendant sent Plaintiff two letters demanding that Plaintiff dismiss his 2019 Complaint on the grounds that the DRP was still in force despite the fact that Plaintiff had been terminated. (Def.'s Br. (Doc. 15) Ex. B, Declaration of Maryjo Lovie Robert ("Roberts Decl.") (Doc. 15-2) at 49–52.) Defendant contends, and Plaintiff does not deny, that he has failed to submit his 2019 claims to arbitration. (Id. ¶ 4; Pl.'s Resp. in Opp'n to Def.'s Mot. to Compel Arbitration and Dismiss ("Pl.'s Resp.") (Doc. 19) at 1–2.)

**D. Procedural History**

Plaintiff filed his pro se Complaint and application to proceed in forma pauperis ("IFP") on January 31, 2019. (Docs. 1, 2.) The Magistrate Judge held a hearing on Plaintiff's IFP

-5-

application during which the Magistrate Judge gave Plaintiff a deadline to file an amended complaint. (Minute Entry 02/25/2019.) Plaintiff filed his Amended Complaint on May 2, 2019. (Am. Compl. (Doc. 4), along with several exhibits, (Docs. 4-1, 4-2, 4-3, 4-4)).

Defendant filed its Motion to Compel Arbitration and Dismiss or in the Alternative, to Stay Proceedings Pending Arbitration, (Doc. 14), along with a supporting brief, (Def.'s Br. (Doc. 15)). Plaintiff responded, (Pl.'s Resp. (Doc. 19)), and Defendant replied, (Doc. 21). Defendant's motion is ripe for ruling.

## II. **STANDARD OF REVIEW**

In deciding a motion to compel arbitration, "courts apply a standard similar to that applicable to a motion for summary judgment." Starnes, 2018 WL 3466951, at *5; Adams, 93 F. Supp. 3d at 445; Minter, 2004 WL 735047, at *2 (quoting Bensadoun, 316 F.3d at 175).

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). This court's summary judgment inquiry is whether the evidence "is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). The moving

-6-

party bears the initial burden of demonstrating "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp., 477 U.S. at 325. If the "moving party discharges its burden . . . , the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." McLean v. Patten Cmtys., Inc., 332 F.3d 714, 718-19 (4th Cir. 2003) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)). Summary judgment should be granted "unless a reasonable jury could return a verdict in favor of the nonmovant party on the evidence presented." McLean, 332 F.3d at 719 (citing Liberty Lobby, 477 U.S. at 247-48).

## III. **ANALYSIS**

Under the Federal Arbitration Act ("FAA"), a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Federal policy strongly favors arbitration, and the FAA represents "a liberal federal policy favoring arbitration agreements" and applies "to any arbitration agreement within the coverage of the [FAA]." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983).

To compel arbitration under § 4 of the FAA, a litigant must show "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which

-7-

purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute." Adkins v. Labor Ready, Inc., 303 F.3d 496, 500-01 (4th Cir. 2002) (citation omitted). The parties must have entered into a valid agreement to arbitrate, and the dispute in question must fall within the scope of the arbitration agreement. Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc., 807 F.3d 553, 563 (4th Cir. 2015) (citation omitted). Dismissal may be appropriate if all claims asserted in a complaint are subject to arbitration. Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709-10 (4th Cir. 2001).

Defendant raises several arguments in its brief. First, Defendant argues that all of Plaintiff's claims are barred by the doctrine of issue preclusion. (Def.'s Br. (Doc. 15) at 5.) Defendant argues that Plaintiff is seeking to invalidate the DRP, a claim that was raised and rejected in Plaintiff's 2017 suit. (Id. at 7.) Alternatively, Defendant argues that the same rationale that this court used to conclude that the DRP was binding in the 2017 suit leads to the same conclusion in the present suit. (Id. at 7-8.) Finally, Defendant argues that the court should award costs and fees pursuant to Fed. R. Civ. P.

11(c) in light of Plaintiff's continued refusal to participate

in arbitration even after this court's previous order.

In response, Plaintiff challenges the validity of the DRP.

Plaintiff argues that:

> Xerox does not have any controlling interest in
> Conduent, Conduent is a separate entity[.] The
> "agreement" only applies to Xerox and their
> subsidiaries, per the terms of the agreement. The
> "agreement" is null and void effective day one of the
> completion of the "spin off" of the subsidiary
> Conduent into the free and clear, separate and
> independent, Conduent, with its own publicly traded
> stock.

(Pl.'s Resp. (Doc. 19) at 1–2.)[2]

Defendant counters that the definition of "Company" in the

DRP includes:

> every subsidiary (first tier and downstream) of
> Sponsor, every parent corporation or affiliate,
> predecessor and all of their directors, officers,
> employees, attorneys and agents, every plan of
> benefits, whether or not tax-exempt, established or
> maintained by any such entity, the fiduciaries, agents
> and employees of all such plans, <u>and all the
> successors and assigns of all such entities, plans and
> persons</u>.

---

[2] Plaintiff also raises issues with accessing court filings
on PACER due to cost and his "limited time." (Pl.'s Resp. (Doc.
19) at 2.) Plaintiff stated that he reserved his right to amend
his response once he obtained the "defenses filings in its
entirety." (Id.) Eight months have elapsed since Plaintiff filed
his Response. Plaintiff has not yet moved to amend his response
or filed any other motions with the court. The court finds this
argument lacks merit.

Further, Plaintiff's claim that he "question[s] the
legality of the The Kullman's firms right to practice law in the
state of North Carolina" is frivolous, as is Plaintiff's request
for discovery under Fed. R. Civ. P. 56(d). (Pl.'s Resp. (Doc.
19) at 2.)

(Def.'s Reply (Doc. 20) at 21; Odle Decl. (Doc. 15-1) at 12.) Defendant points out that Plaintiff only contests the DRP on the grounds that the DRP is no longer in force since Conduent came into being after he signed it. (Def.'s Reply (Doc. 20) at 3-4.)

The court finds that Defendant's motion should be granted and that Plaintiff's Amended Complaint should be dismissed. The court begins by finding that any argument by Plaintiff that the DRP is not binding is barred by issue preclusion. The court also finds that all of Plaintiff's current claims, to include his new age discrimination claim, are covered by the DRP. The court does not analyze issue preclusion as to the first, third, or fourth prongs of the Adkins framework, but instead addresses those issues after the discussion of the DRP's enforceability and issue preclusion. Finally, the court addresses costs and fees under Fed. R. Civ. P. 11(b)-(c).

### A. Issue Preclusion as to Enforceability of DRP

The court finds that Plaintiff is barred form relitigating the enforceability of the DRP.

"A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent suit between the

same parties." <u>Aliff v. Joy Mfg. Co.</u>, 914 F.2d 39, 42 (4th Cir. 1990) (alteration in original) (quoting <u>S. Pac. R.R. Co. v. United States</u>, 168 U.S. 1, 48–49 (1897)). "Collateral estoppel[3] forecloses 'the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [issue preclusion] is asserted had a full and fair opportunity to litigate.'" <u>Sedlack v. Braswell Servs. Grp., Inc.</u>, 134 F.3d 219, 224 (4th Cir. 1998) (quoting <u>Ramsay v. INS</u>, 14 F.3d 206, 210 (4th Cir. 1994)).

> For collateral estoppel to apply, the proponent must establish that: (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum.

<u>Id.</u>; <u>Collins v. Pond Creek Mining Co.</u>, 468 F.3d 213, 217 (4th Cir. 2006); <u>Allergan, Inc. v. Apotex, Inc.</u>, No. 1:14-CV-1028,

---

[3] "The Restatement of Judgments now speaks of res judicata as 'claim preclusion' and collateral estoppel as 'issue preclusion.' Some courts and commentators use 'res judicata' as generally meaning both forms of preclusion." <u>Allen v. McCurry</u>, 449 U.S. 90, 94 n.5 (1980) (quoting Restatement (Second) of Judgments § 74 (Tent. Draft No. 3, Apr. 15, 1976)). This court will use "issue preclusion" to refer to "collateral estoppel."

2015 WL 13358250, at *2 (M.D.N.C. Aug. 31, 2015).[4] When "a
defendant employs the doctrine 'to prevent a plaintiff from
asserting a claim the plaintiff has previously litigated and
lost against another defendant,' it is known as 'defensive
collateral estoppel.'" In re Microsoft Corp. Antitrust Litig.,
355 F.3d 322, 326 (4th Cir. 2004) (quoting Parklane Hosiery Co.
v. Shore, 439 U.S. 322, 326 n.4 (1979)).

        At least one other district court in this circuit has
addressed claim and issue preclusion arguments as they pertain
to an arbitration agreement. In Gravelle v. Kaba Ilco Corp., the
court dismissed a plaintiff's claim that an arbitration

---

[4] None of the exceptions to collateral estoppel apply in
this case. Some exceptions to collateral estoppel include
situations:

> where the party against whom the doctrine is invoked
> had a heavier burden of persuasion on that issue in
> the first action than he does in the second, or where
> his adversary has a heavier burden in the second
> action than he did in the first. Additionally, the
> doctrine of collateral estoppel does not apply to a
> legal ruling if there has been a "major" change in the
> governing law since the prior adjudication that could
> render [the] previous determination inconsistent with
> prevailing doctrine.

Collins v. Pond Creek Mining Co., 468 F.3d 213, 217-18 (4th Cir.
2006) (internal citations and quotations omitted). Likewise, the
other exceptions noted by the Second Restatement of Judgments
are also inapplicable here. See Restatement (Second) of
Judgments § 28 (Am. Law Inst. 1982); see also McHan v. Comm'r,
558 F.3d 326, 331 (4th Cir. 2009) (citing one exception from
Second Restatement).

agreement was not enforceable. <u>Gravelle</u>, No. 5:13-CV-642-FL, 2014 WL 1513138, at *3 (E.D.N.C. Apr. 16, 2014). The court explained that the plaintiff had previously litigated the issue of an arbitration agreement's enforceability, and that the plaintiff could not use a second suit to attack the agreement. <u>Id.</u> Though the court dismissed the suit on claim preclusion grounds, it also noted that the claim should be dismissed on issue preclusion grounds as well. <u>Id.</u> at *3 n.1; <u>see also</u> <u>Preferred Care of Del., Inc. v. Crocker</u>, No. 16-6179, 2017 WL 3223003, at *2 (6th Cir. Feb. 28, 2017) ("The state trial court's order was a 'final judgment' for the purpose of issue preclusion because it was a definitive ruling on the issue of the enforceability of the arbitration agreement and was the completion of all of the steps necessary to adjudicate that issue.").

The court finds that issue preclusion bars reconsideration of the DRP's enforceability.

### 1.  <u>Identical Issues</u>

The issue of enforceability presently before this court is identical to the issue that was before it in 2017. The DRP at issue in the 2017 case and the DRP at issue in this case is the exact same agreement. (<u>Compare</u> 1:17CV495 (Doc. 12-3), <u>with</u> Odle Decl. (Doc. 15-1) at 7-27.) The facts surrounding Plaintiff's assent to the DRP are the exact same. (<u>Compare</u> 1:17CV495 (Doc.

-13-

12-2) ¶¶ 8-22, with Odle Decl. (Doc. 15-1) ¶¶ 8-22.) The facts underlying the issues and the law surrounding them have not changed.

In the present case, Plaintiff continues to argue that the DRP is unenforceable. (Am. Compl. (Doc. 4) at 5.) Plaintiff alleges that Defendant has stated there are no contracts between it and Plaintiff, meaning there can be no enforceable DRP. (Id.) Plaintiff also now raises the argument that "Conduent is no longer a subsidiary of Xerox as of December 31, 2016. . . . The 'agreement' only applies to Xerox and their subsidiaries." (Pl.'s Resp. (Doc. 19) at 1.) For that reason, Plaintiff argues, the agreement is "null and void" as of the day Conduent was "[spun] off" from Xerox. (Id.) Plaintiff does not raise any other arguments against the DRP.

As to Plaintiff's first argument, Plaintiff raised several arguments in 2017 that there was never a contract between him and Defendant, Starnes, 2018 WL 3466951, at *4; the court, however, rejected those arguments and found that "the DRP[] constitutes a valid contract between the parties," id. at *8. The issue of an enforceable contract was therefore before the court in 2017. (See also 1:17CV495 (Doc. 15) at 12.) Plaintiff does not present new evidence or law that changes this court's analysis.

-14-

The issue of Conduent's relationship to Xerox was also before this court in 2017. In its brief in support of its 2017 motion to dismiss and compel arbitration, Defendants explained repeatedly that the relationship between Xerox and Conduent was not grounds to invalidate the agreement signed by Plaintiff. (See 1:17CV495 (Doc. 12-1) at 1 n.1, 3 n.2.) The court acknowledged this fact in its 2017 memorandum opinion and order. Starnes, 2018 WL 3466951, at *1 n.1. Though Plaintiff did not raise counter-arguments against Defendants' arguments, the issue was before the court in 2017.[5]

The issues in the 2017 suit and the present suit as to the enforceability of the DRP are identical.

## 2. __Essential to Court's Previous Decision__

It was essential to this court's pervious decision that the DRP was enforceable. Cf. Midwest Mech. Contractors, Inc. v. Commonwealth Constr. Co., 801 F.2d 748, 752 (5th Cir. 1986) (finding issue preclusion did not bar claims about enforceability of agreement since district court's decision to

---

[5] Though irrelevant for issue preclusion purposes, the court also notes that Plaintiff's argument regarding Conduent's relationship to Xerox lacks merit. The DRP governs "disputes" between the "Company" and "Employees." (Odle Decl. (Doc. 15-1) at 12.) The DRP defines "Company" as "every . . . predecessor . . . and the successors and assigns of all such entities . . . ." (Id.) Conduent is a successor to XBS. (Id. ¶ 3.) XCS was a wholly owned subsidiary of XBS. (Id.) XCS hired Plaintiff in 2015. (Id. ¶ 8.) By its own terms, the DRP was in force even after Conduent was "[spun] off" by Xerox.

-15-

dismiss could have been based on alternative grounds). In the 2017 suit, this court held that "a valid, written arbitration agreement exists between the parties, and all of Plaintiff's claims fall within the substantive scope of the agreement." Starnes, 2018 WL 3466951, at *9. The court then dismissed the action, rather than staying the action, in light of that conclusion. Id. The issue of the DRP's enforceability was essential to this court's previous judgment.

Further, and more specifically, the issue of whether the DRP was still binding after XBS became Conduent was also essential to the court's analysis. The court addressed XBS's transition in its 2017 memorandum opinion and order. As the court noted then, "XCS was a subsidiary of Xerox Business Services, which was itself a subsidiary of Xerox Corporation. XCS was spun off to Conduent, Inc." Starnes, 2018 WL 3466951, at *1 n.1. The court found that

> Defendants agreed to be bound by the same terms in the Arbitration Agreement, agreeing to arbitrate disputes rather than submit them to a court or jury. This mutual agreement to be bound is sufficient consideration. This court finds, both as a matter of fact and law, that Plaintiff applied for employment with Defendants, that Defendants extended Plaintiff an offer of employment subject to certain conditions including, inter alia, an agreement to arbitrate, and Plaintiff accepted that offer. An agreement to arbitrate exists between the parties.

Id. at *7. Though the 2017 suit also included XCS as a defendant, the court found that Conduent, too, had been bound by

-16-

the agreement. The court's reasoning applied to all of the defendants, not just XCS. If Conduent was not a successor in interest to XBS, the court could not have concluded that Conduent was bound by the DRP.

### 3. **Actually Litigated**

As for whether the issue was actually litigated, the parties in the previous action directly argued the issue in their briefing. The parties included exhibits in addition to their briefs, (see, e.g., 1:17CV495 Docs. 23-1, 23-2, 23-3, 23-4, 23-5, 23-6, 23-7), and the court liberally construed Plaintiff's briefing as factual statements, Starnes, 2018 WL 3466951, at *5. To the extent Plaintiff would attempt to argue that a decision on the briefing failed to rise to the level of "actual litigation," such an argument would fail. See Keystone Shipping Co. v. New England Power Co., 109 F.3d 46, 52 (1st Cir. 1997) ("[Plaintiff] feebly argues that the state court should not have disposed of its cause of action by motion, but instead should have conducted an evidentiary hearing.").

Though in the 2017 suit Plaintiff did not counter Defendants' arguments regarding the viability of the DRP following Conduent's creation and "spin off," the issue was plainly before the court. (See 1:17CV495 (Doc. 12) at 1, 3.) Allowing Plaintiff to use a second suit to raise counter arguments he did not raise in the first suit would undermine the

-17-

purpose of the doctrine of issue preclusion. See Sedlack, 134 F.3d at 224; Restatement (Second) of Judgments § 27 cmt. c (Am. Law Inst. 1982) ("The problem involves a balancing of important interests: on the one hand, a desire not to deprive a litigant of an adequate day in court; on the other hand, a desire to prevent repetitious litigation of what is essentially the same dispute. . . . And similarly if the issue was one of law, new arguments may not be presented to obtain a different determination of that issue.").

### 4. 2017 Judgment was Valid and Final

An order dismissing an action and compelling arbitration, in light of an enforceable arbitration agreement, is a valid and final order on the issue of an arbitration agreement's validity. See Hobley v. KFC U.S. Props., Inc., Nos. Civ.A. 05-521, 05-522, 05-523, 05-608, 05-1003, 05-1551, 05-1552, 05-1574, 05-1707, 05-1708, 05-2190(RMC), 2006 WL 249981, at *3 (D.D.C. Jan. 31, 2006) ("[A prior court's] determination that those claims fell within the scope of the parties' arbitration agreement was a decision on the merits of the applicability and enforceability of that agreement."); see also Americana Fabrics, Inc. v. L & L Textiles, Inc., 754 F.2d 1524, 1530-31 (9th Cir. 1985) (giving preclusive effect to a federal district court's determination that an arbitration agreement was binding even though that court may have exceeded its statutory authority); Preferred Care of

-18-

Del., 2017 WL 3223003, at *2 ("The state trial court's order was a 'final judgment' for the purpose of issue preclusion because it was a definitive ruling on the issue of the enforceability of the arbitration agreement and was the completion of all of the steps necessary to adjudicate that issue."); Telepet USA, Inc. v. Qualcomm Inc., Case No. 2:15-CV-846-JCM(GWF), 2015 WL 7573196, at *2 (D. Nev. Nov. 24, 2015); Albert v. Qwest Commc'ns Int'l, Inc., Civil No. 06-1251(PJS/JJG), 2006 WL 8443983, at *4 (D. Minn. Sept. 20, 2006), report and recommendation adopted, Civil No. 06-1251(PJS/JJG), 2006 WL 8443980 (D. Minn. Oct. 18, 2006); cf. Wanderlust Pictures, Inc. v. Empire Entm't Grp., L.L.C., Nos. 01Civ.4465(JSM), 85854, 2001 WL 826095, at *3 n.1 (S.D.N.Y. July 19, 2001) (indicating res judicata would not apply to state court judgment since state court judge denied motion to compel arbitration for reasons unrelated to enforceability).

This court previously found that the DRP was binding and enforceable; in light of that conclusion, it dismissed the action to arbitration. Starnes, 2018 WL 3466951, at *8-9. That order was a final and valid order on the issue of the DRP's enforceability.

### 5. Full and Fair Opportunity to Litigate

Finally, Plaintiff had a full and fair opportunity to litigate the DRP's enforceability in the 2017 suit. Plaintiff

-19-

faces the exact same burden of proof now that he faced then. See
id. at *5 (quoting Minter, 2004 WL 735047, at *2); see also
Collins, 468 F.3d at 218; Restatement (Second) of Judgments § 28
(Am. Law. Inst. 1982) (noting that issue preclusion may not
apply if the "party against whom preclusion is sought had a
significantly heavier burden of persuasion with respect to the
issue in the initial action than in the subsequent action; the
burden has shifted to his adversary; or the adversary has a
significantly heavier burden than he had in the first action").
The fifth and final prong of issue preclusion is satisfied here.

### 6.   Issue Preclusion Conclusion

The court finds that Plaintiff is barred from relitigating
the enforceability of the DRP. The DRP, (Odle Decl. (Doc. 15-1)
at 7-27), is enforceable. As this court previously concluded,
"the arbitration agreement, as expressly stated in the
employment documents and the DRP, constitutes a valid contract
between the parties." Starnes, 2018 WL 3466951, at *8. Having
made this determination, the court will now address whether
Plaintiff's current claims are covered by the DRP.

### B.   Claims Covered by DRP

Though Plaintiff is barred from relitigating the DRP's
enforceability, the court must also determine if the DRP covers
Plaintiff's claims. Plaintiff brings at least one new claim in
this suit that the court did not address in its previous

-20-

memorandum opinion and order. The court finds that all of Plaintiff's current claims are covered by the DRP.

The second prong of the <u>Adkins</u> framework requires "a written agreement that includes an arbitration provision which purports to cover the dispute." <u>Adkins</u>, 303 F.3d at 500-01. The court must determine whether the DRP covers Plaintiff's current claims.

Claims subject to arbitration under the DPR specifically include:

> [a]ny other matter related to or concerning the relationship between the Applicant and the Company and/or the Employee and the Company alleging violation of any federal, state or other governmental law, statute, regulation, or ordinance, or common law, or contract violation, including but not limited to the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act, the Family Medical Leave Act, . . . including, by way of example and without limitation, allegations of: unlawful retaliation, including whistleblower retaliation, discrimination or harassment based on race, sex, religion, creed, color, marital status, sexual orientation, citizenship, national origin, age, veteran or military status, disability status, or other legally protected characteristics; wrongful discharge; [or] constructive discharge . . . .

(Odle Decl. (Doc. 15-1) at 12.) Further, any claims based on the "employment or potential reemployment of an Employee, including but not limited to the terms, conditions, or termination of such employment with Xerox services[.]" (<u>Id.</u>)

-21-

Plaintiff's Amended Complaint alleges violations of the ADAAA, FMLA, and Title VII. (Am. Compl. (Doc. 4) at 3.) Plaintiff also appears to bring an Age Discrimination in Employment Act claim because he says he was discriminated against based on his age. (Id. at 5.) Plaintiff alleges he was retaliated against in the form of his termination and Defendant's subsequent refusal to rehire him. (Id.) All of Plaintiff's claims are covered by the express, plain terms of the DRP. See Starnes, 2018 WL 3466951, at *8 ("Plaintiff's FMLA, ADAAA, and discrimination claims fall squarely within the plain language of the arbitration provision."). Having concluded that Plaintiff is barred from relitigating the existence of an enforceable arbitration agreement and that the DRP covers his present claims, the second Adkins requirement is satisfied.

C. **Remaining Adkins Prongs**

The court now turns to the other three Adkins prongs.

To compel arbitration under § 4 of the FAA, a litigant must show "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute." Adkins, 303 F.3d at 500-01 (citation omitted).

First, there is no question that a dispute exists between the parties. Neither party contests that prong.

As to the third prong, the "relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce," it is also undisputed. "[T]he reach of the [FAA] is broad. . . . The Supreme Court has interpreted this provision as exercising the full scope of Congress's commerce-clause power." Rota-McLarty v. Santander Consumer USA, Inc., 700 F.3d 690, 697 (4th Cir. 2012) (citations omitted). While diversity of citizenship alone is not enough to classify a transaction, "the FAA does not impose a burden upon the party invoking the FAA to put forth specific evidence proving the interstate nature of the transaction," nor does a court need to "identify any specific effect upon interstate commerce, so long as 'in the aggregate the economic activity in question would represent a general practice . . . subject to federal control.'" Id. at 697-98 (citations omitted).

The nature of Plaintiff's and Defendant's employment agreement itself reflects an effect on interstate commerce, as Plaintiff, a North Carolina resident, was employed to work from his home, in a remote tech support capacity, for a company serving facilities and people inside and outside North Carolina utilizing interstate mail and travel systems. (Am. Compl. (Doc. 4) at 2-5.) Plaintiff has not put forward evidence contesting

-23-

these facts. Further, but not dispositive, the agreement is between a North Carolina individual and a New Jersey corporation. (Id. at 2.) These factors show that the third requirement is satisfied.

Finally, Plaintiff has refused to arbitrate the dispute: Plaintiff has not engaged in the process for arbitration set forth in the agreement and has instead filed suit. Defendant has filed a declaration from Maryjo Lovie Roberts explaining in some detail the efforts of Defendant to engage in arbitration with Plaintiff and Plaintiff's refusal to do so. (See generally Roberts Decl. (Doc. 15-2).)

Thus, the four elements for compelling arbitration under the FAA have been met in this case, and this court will grant Defendant's motion to compel arbitration.

D. **Stay Pending Arbitration**

"[W]here a valid arbitration agreement exists and the issues in a case fall within its purview[,]" Adkins, 303 F.3d at 500 (citations omitted), the district court shall, upon application of one of the parties, "stay the . . . action until such arbitration has been had in accordance with the terms of the agreement," 9 U.S.C. § 3. As found herein, a valid, written arbitration agreement exists between the parties, and all of Plaintiff's claims fall within the substantive scope of the agreement.

-24-

Despite the language of § 3, courts, including the Fourth Circuit, have noted that dismissal is a proper remedy when all claims presented in a lawsuit are arbitrable. See, e.g., Choice Hotels, 252 F.3d at 709-10 (citing Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992)). Here, Defendant moves to dismiss the case. (Doc. 14 at 1.)

Neither party has presented a compelling reason for this court to stay this case pending arbitration. All of Plaintiff's claims are arbitrable, there is no suggestion any enforcement of an arbitration award by this court is necessary, and Plaintiff's prior refusals to arbitrate do not suggest this court should stay this matter for an indefinite period while Plaintiff considers whether to proceed with his claims in arbitration. Accordingly, this case should be dismissed.

### E.    **Rule 11 Sanctions**

The court finds that Defendant should not recover attorneys' fees and costs in this action.

In the 2017 suit, this court denied Defendants' motion for fees, concluding that:

> While Defendants may be justifiably frustrated with having to defend its agreed-upon arbitration provision, Rule 11 directs the inquiry to an opposing party's knowledge, information, and belief. Fed. R. Civ. P. 11(b) ("By presenting to the court a pleading . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . .").

-25-

> Plaintiff does not deny being advised of his
> arbitration obligations by opposing counsel.
> Nevertheless, in nearly every contractual dispute,
> parties are in disagreement over the meaning and
> requirements of contractual terms. Under the
> circumstances here, this court does not find an award
> under Rule 11 appropriate.

Starnes, 2018 WL 3466951, at *9. Though this is the second suit Plaintiff has filed on virtually the same facts and claims, the court does not find that sanctions are appropriate here for this pro se Plaintiff.

Pro se plaintiffs are not held to the same standards as attorneys. See, e.g., Hughes v. Rowe, 449 U.S. 5, 10 n.7 (1980). However, while not held to the same standards as attorneys, "pro se litigants are not entitled to a general dispensation from the rules of procedure . . . ." Jones v. Phipps, 39 F.3d 158, 163 (7th Cir. 1994).

> A violation of Rule 11 is subject to sanctions, and
> "pro se litigants are subject to any and all
> appropriate sanctions for their misconduct." This
> includes pro se litigants who file frivolous or
> repetitive lawsuits. Therefore, Plaintiff is cautioned
> that she cannot seek to re-file the complaint that the
> court dismissed with prejudice, looking for a second
> bite at the apple.

Makau v. Meyer, No. 1:16CV1346, 2018 WL 5919741, at *1 (M.D.N.C. Nov. 13, 2018), aff'd, 764 F. App'x 292 (4th Cir. 2019), cert. denied, ____ U.S. ____, 140 S. Ct. 288 (2019) (quoting Zaczek v. Fauquier Cty., 764 F. Supp. 1071, 1077 & n.21 (E.D. Va. 1991)).

Plaintiff brought at least one new claim in this second suit, an ADEA claim. (Am. Compl. (Doc. 4) at 5.) Plaintiff also filed his first suit before he was terminated, a factual change from Plaintiff's first suit.

Awarding attorneys' fees under Fed. R. Civ. P. 11(c) is within this court's discretion. See Custer v. Sweeney, 89 F.3d 1156, 1169 (4th Cir. 1996). This court does not find, given Plaintiff's new ADEA claim and his termination after his first suit, that Plaintiff acted with the requisite degree of bad faith to merit Defendant's requested Rule 11 relief. Defendant's motion will be denied on that ground.

IV. **CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Arbitration and Dismiss or in the Alternative, to Stay Proceedings Pending Arbitration, (Doc. 14), is **GRANTED IN PART AND DENIED IN PART**. Defendant's Motion is **GRANTED** to the extent it moves the court to dismiss Plaintiff's Amended Complaint, and that this action is hereby **DISMISSED WITHOUT PREJUDICE** to the arbitration proceedings. Defendant's Motion is **DENIED** to the extent it moves this court to award costs and attorneys' fees pursuant to Fed. R. Civ. P. 11(c).

Though the court is denying Defendant's Motion for costs and fees, Plaintiff is **CAUTIONED** that a third suit involving the

-27-

same facts and causes of action in this and his previous suit **MAY RESULT IN SANCTIONS.**

A judgment in accordance with this Memorandum Opinion and Order will be entered contemporaneously herewith.

This the 9th day of September, 2020.

_____
United States District Judge